614 F.2d 943
 Vicki Greene GOLDEN, Appellant,
v.
STATE BOARD OF LAW EXAMINERS; Vincent L. Gingerich,
Chairman; Charles H. Dorsey, Jr., Member; Dorothy H.
Thompson, Member and The Court of Appeals of Maryland;
Robert C. Murphy, Chief Judge; Frederick J. Singley, Jr.,
Associate Judge; Marvin H. Smith, Associate Judge; J. Dudley
Digges, Associate Judge; Irving A. Levine, Associate Judge;
John C. Eldrige, Associate Judge; Charles E. Orth, Jr.,
Associate Judge, Appellees.
 No. 78-1447.
 United States Court of Appeals,
Fourth Circuit.
 Argued Nov. 5, 1979.
Decided Feb. 7, 1980.
 
 John Cary Sims, Washington, D. C. (Alan B. Morrison, Washington, D. C., on brief), for appellant.
 Diana Gribbon Motz, Asst. Atty. Gen., Baltimore, Md. (Francis B. Burch, Atty. Gen. of Maryland, Baltimore, Md., on brief), for appellees.
 (Mark H. Lynch, Martin D. Minsker, Washington, D. C., on brief), as amicus curiae.
 Before BUTZNER, RUSSELL and MURNAGHAN, Circuit Judges.
 BUTZNER, Circuit Judge:
 
 
 1
 Vicki Greene Golden appeals the entry of summary judgment by the district court upholding Maryland's residency requirements for (1) application to take the bar examination and (2) admission to the state bar.[1] We vacate that part of the judgment pertaining to the first issue because Golden's challenge to the rule's requirements for bar examinations has been rendered moot by repeal of this provision. We dismiss the appeal on the second issue because Golden lacks standing to litigate the rule's requirement for admission to the bar.
 
 
 2
 Golden is a resident of Washington, D.C., where she has been a member of the bar since 1975. In 1977 she filed an application to take the Maryland bar examination which was returned because she was not a domiciliary of Maryland. She then filed this action for declaratory and injunctive relief in the district court alleging that the rule violates the privileges and immunities clause of Article IV, Section 2, denies equal protection of the laws guaranteed by the fourteenth amendment, and is a burden on interstate commerce prohibited by Article I, Section 8. The district court entered summary judgment for the State Board of Bar Examiners finding that the rule was a legitimate means of protecting the state's interest in the regulation of its bar.
 
 
 3
 On October 19, 1979, the Maryland Court of Appeals repealed the requirement that applicants for the bar examination must be domiciled in the state. Because Golden is now eligible to take the bar examination, her appeal on this issue is moot. DeFunis v. Odegaard, 416 U.S. 312, 94 S.Ct. 1704, 40 L.Ed.2d 164 (1974).
 
 
 4
 Although the Maryland Court retained the rule's provision that a person must be domiciled in the state to be admitted to practice, it initiated a study of the advisability of repealing this requirement. Nevertheless, Golden and the State Board press us to decide this issue.
 
 
 5
 Golden, however, cannot now apply for admission to the Maryland bar because she has not yet passed the bar examination. For this reason she lacks the necessary stake in the controversy to claim standing. Sierra Club v. Morton, 405 U.S. 727, 731-34, 92 S.Ct. 1361, 1364-65, 31 L.Ed.2d 636 (1972).
 
 
 6
 The issues raised in this appeal involve constitutional questions concerning the practice of a profession which the Supreme Court has not addressed. But cf. Hicklin v. Orbeck, 437 U.S. 518, 98 S.Ct. 2482, 57 L.Ed.2d 397 (1978) ("Alaska Hire" statute violates the privileges and immunities clause). The New York Court of Appeals, however, recently held that the privileges and immunities clause prevents a state from imposing durational residency requirements on applicants for admission to the bar. In re Gordon, 48 N.Y.2d 266, 422 N.Y.S.2d 641, 397 N.E.2d 1309 (1979). See generally, Note, A Constitutional Analysis of State Bar Residency Requirements under the Interstate Privileges and Immunities Clause of Article IV, 92 Harv.L.Rev. 1461 (1979). Article III requires an actual controversy, but Golden has presented only a potential controversy which would render our opinion little more than advisory. The Supreme Court has cautioned federal courts "never to anticipate a question of constitutional law in advance of the necessity of deciding it." United States v. Raines, 362 U.S. 17, 21, 80 S.Ct. 519, 522, 4 L.Ed.2d 524 (1960). Resolution of these issues must be deferred until presentation of an appropriate case. See Warth v. Seldin, 422 U.S. 490, 498-502, 95 S.Ct. 2197, 2204-2207, 45 L.Ed.2d 343 (1975).
 
 
 7
 The judgment of the district court is vacated, and this appeal is dismissed without prejudice to Golden should she subsequently seek relief. Each party shall bear its own costs.
 
 
 
 [1]
 Rule 10 of the Maryland Rules Governing Admission to the Bar. 9A Md.Ann.Code at 675 (1977 Repl.Vol.)